Good morning, Your Honor. Good morning. May it please the Court. So, we understand there's been a bankruptcy filing in this case? So, the appellee, Sqor, S-Q-O-R, filed bankruptcy yesterday evening around 5 p.m. Is it your understanding that that results in an automatic stay of any judicial proceedings? I tried researching this quickly last night, Your Honor. I'm not a bankruptcy attorney, and I don't know. I'd like an opportunity to brief that matter. So, I would suggest that we go forward with the oral argument, and I can speak with counsel afterwards and brief it. I don't know the answer to that question. I don't think we can do that. Let's hear from the appellant, and then we'll decide what we want to do. The appellant, yes. Thank you, Your Honor. May it please the Court. Yesterday, we were informed that Sqor, Inc., S-Q-O-R, Inc., had filed a notice of bankruptcy case filing in the Northern District of California. It was around 5 p.m., and we informed counsel. It's our position that this does result in a stay. However, we are prepared, if Your Honors would like to proceed today. The difficulty here is if the court finds that the district court was properly dismissing the case and the underlying action, then it basically has the same impact as a stay. If the court finds that the underlying action should not have been dismissed or that the request to amend the leave to amend the complaint should have been granted, then the result of that would be that there is a case between the parties that would result in a stay based on the bankruptcy. Of course, we don't know how we're going to rule on this. So perhaps I can suggest that we give the parties an opportunity to brief to us the issue of whether or not the proceedings are stayed as a result of the bankruptcy, and then we can proceed from there. What do you think, Judge Fernandez? I guess I'm having a tough time understanding how the stay would not be applicable. Me, too. Because the stay, in fact, stays every action for, against, or with your client. And this has a tendency to affect your client's status. So I think you'd have to go to the bankruptcy court to see if you proceed with this or if you don't. I don't think we can just naturally say that, even though we grade the bankruptcy court's papers. I don't think we can say it. Does counsel for American Soccer, are you contemplating trying to get the stay lifted at all? It's all happening very quickly, Your Honor, and I haven't had a chance to talk with the client to figure out our steps moving forward. And I don't know the answer about the stay. I would like an opportunity to brief him. All right. I think what we should do is take this matter off calendar, retain jurisdiction. We'll set a briefing schedule. You'll get an order from the panel setting a briefing schedule as to whether or not this is stayed. All right, counsel? Thank you, Your Honor. All right, thank you. I would note, Your Honor, that we were informed this summer that this could have happened, that they were intending to file a stay. And I had requested that Scoring, to the extent they would file a bankruptcy, to do so well in advance of the hearing, not to waste the judge's time and my time. So it is disappointing that they filed the eve of close of business day. I understand your frustration. However, we are bound by the law. So we'll take this matter off calendar, and the panel will retain jurisdiction. And you may expect a briefing order from us shortly. Thank you, Your Honor. Thank you, counsel.
judges: Fernandez, Rawlinson, N.R. Smith